IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| RUTH-ANN SPRINGER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>OFFICER BRIAN HUNT; SERGEANT WAKITA; SERGEANT TINGLE; OFFICER SHANE TRAVIS; OFFICER KENNETH ISHII; AND LORI HENBEST,<br><br>　　　　　Defendants. | CIV. NO. 17-00269 JMS-KSC<br><br>ORDER: (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS;<br>(2) DISMISSING COMPLAINT IN PART; AND (3) DENYING REQUEST FOR TEMPORARY INJUNCTION |
|---|---|

### **ORDER: (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING COMPLAINT IN PART; AND (3) DENYING REQUEST FOR TEMPORARY INJUNCTION**

### **I. INTRODUCTION**

On June 8, 2017, pro se Plaintiff Ruth Ann Springer ("Plaintiff") filed a "Complaint for Violation of Civil Rights" ("Complaint") against Hawaii County Police ("HCP") Officer Brian Hunt ("Hunt"); HCP Sargent Wakita ("Wakita"); HCP Sargent Tingle ("Tingle"); HCP Officer Shane Travis ("Travis"); HCP Officer Kenneth Ishii ("Ishii"); realtor Lori Henbest ("Henbest") (collectively, the "Eviction Defendants"); and State of Hawaii Judge Harry P. Freitas ("Judge

Freitas"),[1] ECF No. 1, and an Application to proceed in forma pauperis ("IFP Application"), ECF No. 4. On June 23, 2017, Plaintiff filed a Motion for Temporary Injunction. ECF No. 9. For the reasons discussed below, the IFP Application is GRANTED, the Complaint is DISMISSED in part for failure to state a claim, and the Motion for Temporary Injunction is DENIED.

## II. DISCUSSION

### A. Plaintiff's IFP Application Is Granted

Plaintiff's IFP Application indicates that she receives $1,071 per month in social security disability payments, expects to receive an unspecified amount in State of Hawaii public assistance payments (SNAP benefits), and has assets of $50 in a bank account and a 2007 Ford Focus. IFP Appl. ¶¶ 2-5. Plaintiff's monthly expenses include $110 for rent, $130 for a car loan, $89 for car insurance, $100 for gas, $40 for propane, $60 for water, $43 for Oceanic cable, $225 for electricity, $25 for "service animal meds," and $100 for food, for total monthly expenses of $922. *Id.* ¶ 6. Because Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed *in forma pauperis* (*i.e.*, without prepayment of fees), the court GRANTS Plaintiff's IFP Application.

---

[1] Although the Complaint's caption did not name Judge Freitas, the court includes him as a Defendant because it is clear from the body of the Complaint that Plaintiff is asserting claims against Judge Freitas.

## B. The Complaint is Dismissed in Part

### 1. *The Complaint*

This action appears to arise from State of Hawaii foreclosure and eviction, and subsequent criminal proceedings. As alleged in the Complaint (which the court accepts as true in this Order), on January 15, 2016, the Eviction Defendants were involved in evicting Plaintiff from her home, on the Big Island of Hawaii, pursuant to an expired writ of possession. Compl. at 6 ("3 Officers, 2 Sargent's, [(sic)] and a Real-estate agent, using an old writ of possession that the statute of limitation had run out . . . took possession of my property."). Hunt allegedly "took down the KAPU sign that was . . . protecting [Plaintiff] on her land." *Id.* at 9. The Complaint further alleges that in conjunction with this action, Hunt arrested and finger-printed Plaintiff. *Id.* at 9, 10; *see also id.* at 11 ("Officer Hunt made a personal decision to make it a criminal matter."). Plaintiff was then detained, subject to bail. *See id.* at 7 ("I was detained without my consent for violating a statute, I have just been kidnapped."); *see also id.* at 11 ("[T]he prosecutors and Sargent Wakita set the ransom for my liberty . . . [and state court] Judge Freitas confirmed the charges and the ransom[.]").

> The Complaint alleges that during the course of Plaintiff's arrest:
>
> Officer Hunt assaulted me . . . tearing my rotator cuff when he grabbed my right arm and jerked me up from where I was sitting. After hand-cuffing me, he picked me up by my hands that were cuffed behind my back,

> forcing me to bend my body in half to ease the pain in my shoulder joints. I begged him to stop hurting me and that I was not resisting arrest. . . . My arm has limits of motion that cannot be fixed. . . . Also, when Officer Hunt was finger-printing me, he grabbed at my fingers and squeezed hard. I complained because my fingers are very sore and hurt when touched because of my osteoarthritis disfiguration.

*Id.* at 9-10.

Further, at some point during the eviction, Henbest "assaulted me by shoving [me] into the hall wall hard enough to knock the wind from me." *Id.* at 10. The Complaint alleges that Henbest had the locks replaced on the home and removed Plaintiff's possessions. *Id.* "[B]anks and the real estate agent allegedly sold [Plaintiff's] home." *Id.* at 9. Subsequently, "people were moved into my home and after the case was dismissed, my property was never returned." *Id.* at 11.

The Complaint alleges that all Defendants and a state prosecutor conspired to deprive Plaintiff of her rights. *Id.* at 5, 6, 7, 11. The remainder of the Complaint is filled with nonsensical opinions, assumptions, conclusory allegations, and pronouncements.[2] As a result of the foregoing, Plaintiff allegedly suffered

---

[2] For example, the Complaint alleges: (1) "[t]he common law is the real law . . . ; the codes, rules, regulations, policy and statu[t]es are not the law," *id.* at 8; (2) "bank[s] never actually 'loan[]' anything of equitable value and contribute[] nothing but a minor accounting service when they set up a mortgage," and therefore "have no valid security interest," *id.*; (3) "we can't really own anything unless paid in gold" or "silver," and therefore "we are mere tenant's [(sic)] with rights of use, in regards to our property we presume," *id.* at 9; (4) "I have

(continued . . . )

severe mental anguish and depression, physical injuries, had a nervous breakdown, lost everything, and became homeless. *Id.* at 11, 12.

The Complaint asserts 42 U.S.C. § 1983 claims against Judge Freitas, and the Eviction Defendants in their individual capacities only,[3] for violation of, and conspiracy to violate, Plaintiff's statutory and/or constitutional rights, particularly those protected by the Fourth Amendment. *Id.* at 4-7, 11.[4] The Complaint further asserts state-law tort claims. The Complaint seeks (1) compensatory damages for permanent injuries to Plaintiff's shoulder;

---

(. . . continued)
reserved all my rights with [Uniform Commercial Code ("UCC")] 1-308 and all my rights [are] protected by the Universal Declaration of Human Rights of December 1948," *id.* at 12; and (5) "your corporation agencies have agreed to pay me per your violations of my unalienable rights, protected by 1978 Hawai'i Constitution and the Constitution for the United States of America," *id.*

[3] Plaintiff checked the box on the form indicating that her claims are asserted against each Eviction Defendant in an individual capacity and left the official capacity box unchecked. Compl. at 2-3.

[4] More specifically, the Complaint asserts claims for violation of the following statutory or constitutional rights: (1) "the enumeration in the constitution of certain rights shall not be construed to deny or disparage others retained by the people," (2) "offense against public administration: tampering with physical evidence," (3) "conspiracy against rights," (4) "deprivation of rights," (5) "conspiracy to interfere: . . . for the purpose of depriving . . . any person's rights," (6) "neglect to prevent: . . . the wrongs conspired to be done," (7) "failure to correct the wrongs: . . . [The underlying] case was a civil matter. The officer made a personal political determination . . . [to] make this a criminal matter," (8) "state court must prove on the record: All jurisdictional facts . . . I had questioned [the state court's] jurisdiction . . . over the 15-month period protecting my rights at all times with UCC 1-308," (9) "right to a speedy trial: Statutes which would deprive a citizen of rights . . . or property without a regular trial . . . would not be the law of the land," (10) "no immunity," and (11) "duty of courts: . . . to be watchful for . . . stealthy encroachments" on "Constitutional rights." Compl. at 4-6.

(2) $1,012,500 from Judge Freitas (who allegedly presided over the criminal action); (3) $2,785,750.00 in compensatory damages for the lost property and the toll on Plaintiff's physical and health; (4) $6,913,002.00 in "actual material losses"; (5) $25,000,000.00 per violation (12 violations) of Plaintiff's rights protected by the United States and Hawaii constitutions;[5] and (6) the incarceration of all Defendants for five years, and forfeiture of all they own. *Id.*

## 2. *Standards of Review*

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a)[6] to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the

---

[5] Section 1983 does not apply to state constitutional claims. *See, e.g.*, *Patterson v. Necoechea*, 2015 WL 9997206, at *3 (D. Ariz. Dec. 10, 2015) ("Section 1983 only applies to rights secured by the United States Constitution; thus, Plaintiff cannot seek relief for violation of an Arizona Constitution provision."); *Exit 282A Dev. Co. v. Worrix*, 2013 WL 786443, at *6 (D. Or. Mar. 1, 2013) ("Plaintiffs' Oregon constitutional claim . . . does not arise under § 1983.").

[6] Section 1915(a) governs IFP proceedings.

court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *See UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*,

66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013). A court may, however, deny leave to amend where further amendment would be futile. *See, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons, "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment").

### 3. *Application of Standards to Complaint*

To state a claim under 42 U.S.C. § 1983 against defendants in their individual capacities, "a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see OSU Student Alliance v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012). The second prong may be met with a showing of "state action." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 935 n.18 (1982) ("[C]onduct satisfying the state-action requirement of the Fourteenth Amendment satisfies the statutory requirement of action under color of state law [under § 1983]."). This requirement "excludes from [§ 1983's] reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks and citation omitted).

Further, § 1983 requires an actual connection between a defendant's actions and a plaintiff's allegations. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). That is, to state a claim for relief under § 1983, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of her federal rights.

      *a.*     *Fourth amendment violations*

          i.     Seizure of property

The Complaint alleges that the Eviction Defendants evicted Plaintiff from her home and "took possession of [Plaintiff's] property" pursuant to an expired writ of possession. Compl. at 6.

The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, protects "persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Unless an exception applies, "[a] seizure conducted without a warrant is per se unreasonable under the Fourth Amendment." *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir.

2005). "A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in . . . property." *Soldal v. Cook Cty.*, 506 U.S. 56, 63 (1992) (citation omitted).

Although the five police officials' alleged actions were under "color of state law," Henbest is a private real estate agent. Compl. at 3, 10. A private party may, under limited circumstances, act under the color of state law when "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). The Ninth Circuit recognizes "at least four different criteria, or tests, used to identify state action: '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999)). "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Id*. But under any of the four tests, "the central question remains whether the alleged infringement of federal rights [is] fairly attributable to the government." *Id.* at 1096 (internal quotation marks omitted).

"A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002) (quotation marks omitted). "To be liable as a co-conspirator, a private

defendant must share with the public entity the goal of violating a plaintiff's constitutional rights." *Id.*

Construing the Complaint liberally, the court finds that it alleges that Henbest and all five police officials jointly acted under color of state law to conduct a warrantless entry onto private land, a seizure of real and personal property without Plaintiff's permission, and an illegal eviction. Thus, at this preliminary stage of litigation, the court finds that the Complaint states a § 1983 Fourth Amendment seizure claim against the Eviction Defendants.

    ii.    Excessive force

The Complaint alleges that in the course of arresting and booking Plaintiff, Hunt grabbed her arm, jerked her up from a seated position, handcuffed her, and then picked her up by her cuffed hands causing injury to her shoulder. Compl. at 9-10. Hunt then grabbed and squeezed Plaintiff's fingers during finger-printing in a way that was painful due to her osteoarthritis. *Id.* at 10.

The Fourth Amendment (through the Fourteenth Amendment) prohibits the use of "excessive force" in the course of an arrest. *Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *see also Donovan v. Phillips*, 2017 WL 1164437, at *1 (9th Cir. Mar. 29, 2017) (same). The court finds that the Complaint states a plausible § 1983 excessive force claim against Hunt.

### b.  *Conspiracy claim*

The Complaint generally alleges that all Defendants, along with a state prosecutor, conspired to deprive Plaintiff of unspecified constitutional rights. To allege a conspiracy in violation of § 1983, a plaintiff "must show an agreement or 'meeting of the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (citation and some quotation marks omitted).  A court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001).  "A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988); *see also Woodrum v. Woodward Cty.*, 866 F.2d 1121, 1126 (9th Cir. 1989) (conclusory allegations of conspiracy did not support a § 1983 claim).

Here, the Complaint fails to allege specific facts showing any "meeting of the minds," *Franklin*, 312 F.3d at 441, to deprive Plaintiff of her constitutional rights.  Thus, the Complaint fails to state a plausible conspiracy claim and it is DISMISSED with leave to amend.

### c. *Claims against Judge Freitas*

Although not named in the caption, the Complaint appears to assert claims against Judge Freitas.[7]

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). This immunity extends "even when such acts are in excess of their jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). *See, e.g.*, *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (reasoning that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority") (quoting *Stump*, 436 U.S. at 356).

Here, the Complaint's allegations against Judge Freitas are limited to rulings and statements he made in his official capacity presiding over court proceedings involving Plaintiff. *See* Compl. at 5, 7-9, 11. Therefore, Judge Freitas is immune from liability. To the extent the Complaint asserts claims against Judge Freitas, they are DISMISSED without leave to amend.

---

[7] To the extent the Complaint may also be asserting a claim against a county prosecutor for setting bail, that claim would be dismissed. *Kalina v. Fletcher*, 522 U.S. 118, 124 (1997) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)); *see also Ismail v. Cty. of Orange*, 676 F. App'x 690, 691 (9th Cir. Jan. 25, 2017) (determining that a prosecutor was entitled to absolute prosecutorial immunity for requesting high bail).

> d. *State law claims*
>
>> i. Assault and battery

In addition to allegations set forth above supporting an excessive force claim against Hunt, the Complaint also alleges that Henbest "shov[ed Plaintiff] into the hall wall hard enough to knock the wind from [Plaintiff]." Compl. at 10.

Under Hawaii law, a person commits the common law tort of assault if he or she acts with intent to cause another a nonconsensual harmful or offensive contact or apprehension thereof, and the other person apprehends imminent contact. *See McCormack v. City & Cty. of Honolulu*, 762 F. Supp. 2d 1246, 1253 (D. Haw. 2011) (citations omitted). And a person commits the common law tort of battery if he or she acts with intent to cause a nonconsensual harmful or offensive contact, or apprehension thereof, and the contact occurs. *Id.*; *see also Williams v. Aona*, 121 Haw. 1, 13, 210 P.3d 501, 513 (2009).

The Complaint states plausible common law assault and battery claims against Hunt and Henbest.

>> ii. Claims for intentional and/or negligent infliction of emotional distress ("IIED" and "NIED")

The Complaint alleges that the Eviction Defendants' warrantless eviction action and seizure of Plaintiff's home and possessions caused Plaintiff to suffer severe mental anguish and depression, resulting in a nervous breakdown.

14

Under Hawaii law, to state a claim for IIED, a plaintiff must show "(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another." *Enoka v. AIG Haw. Inc. Co.*, 109 Haw. 537, 559, 128 P.3d 850, 872 (2006). And to state a claim for NIED, a plaintiff must show "(1) that the defendant engaged in negligent conduct; (2) that the plaintiff suffered serious emotional distress; and (3) that such negligent conduct of the defendant was a legal cause of the serious emotional distress." *Caraang v. PNC Mortg.*, 795 F. Supp. 2d 1098, 1122 (D. Haw. 2011). Additionally, a plaintiff "must establish some predicate injury either to property or to another person in order himself or herself to recover for [NIED]." *Kaho'ohanohano v. Dep't of Human Serv.*, 117 Haw. 262, 306-07, 178 P.3d 538, 582-83 (2008) (citation omitted).

At this preliminary stage of litigation and construed liberally, the court finds that the Complaint alleges plausible state-law claims for intentional and/or negligent infliction of emotional distress.

In sum, the Complaint is DISMISSED in part. The conspiracy claim is DISMISSED with leave to amend, and claims against Judge Freitas are DISMISSED without leave to amend. The Complaint states plausible § 1983 claims for unlawful seizure and excessive force in violation of the Fourth

Amendment, and state-law claims for assault and battery and IIED and/or NIED. These claims may proceed.

**C.     Leave to Amend**

Because the court cannot conclude that it would be impossible for Plaintiff to allege sufficient facts to state a conspiracy claim, the court grants Plaintiff leave to amend the Complaint by August 4, 2017.  To be clear, this leave is granted for Plaintiff to attempt to cure the deficiency in her conspiracy claim, and to replead all claims that are not dismissed by this Order, but not to add new or different claims.  If Plaintiff chooses to file an amended complaint, she should comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii.  And the amended complaint must be designated as a "First Amended Complaint."  If Plaintiff does not file an amended complaint by August 4, 2017, the Complaint will remain the operative pleading and the court will issue an order directing service.

An amended complaint generally supersedes prior complaints.  *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  The court will not refer to the original complaint or a prior amended complaint to make an amended complaint complete, although it will not ignore contradictory statements of fact between an original and amended complaint.  Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any

prior pleading.  Defendants not named in the caption, and both claims that are not dismissed and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("[C]laims dismissed with prejudice [need not] . . . be repled in a[n] amended complaint to preserve them for appeal . . . [b]ut . . . claims [that are] voluntarily dismissed [are] . . . waived if not repled.").  And Plaintiff should include only one claim per count.

**D.     Motion for Temporary Injunction**

>The entirety of Plaintiff's Motion for Temporary Injunction states:
>
>I am requesting a Temporary Injunction until we can establish Subject Matter Jurisdiction under the Article Three Court.  The American people have not had access to courts and laws forms they are owed for decades.  Our 'State Court Houses' are filled with foreign courts operating exclusively in **International Jurisdiction**, which applies to the political independence not the physical independence.
>
>Under international law there is a need to discern between a government and a state.  The State is what was recognized as a subject of international law, not its government.
>
>:Ruth-Ann: Springer
>UCC 1-308

ECF No. 9.

Plaintiff's Motion is incomprehensible gibberish that fails to comply with applicable legal standards for granting injunctive relief. To the extent it is intended to be a motion for either a temporary restraining order or a preliminary injunction, it is DENIED.[8]

### III. CONCLUSION

Based on the foregoing, Plaintiff's IFP Application is GRANTED. Pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's conspiracy claim is DISMISSED with leave to amend for failure to state a claim, and all claims against Freitas are DISMISSED without leave to amend for failure to state a claim.

By August 4, 2017, Plaintiff may file an amended complaint as set forth above. If Plaintiff fails to file an amended complaint by August 4, 2017, the

///
///
///
///
///
///
///

---

[8] On July 10, 2017, Plaintiff filed a "Response" in which she asks for "an Article Three Court so I can bring the Wrongdoers into the proper jurisdiction and Venue." ECF No. 10. Again, the filing is largely incomprehensible gibberish.

Complaint will remain the operative pleading and the court will issue an order directing service.

Finally, Plaintiff's Motion for Temporary Injunction is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 11, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Springer v. Hunt, et al.*, Civ. No. 17-00269 JMS-KSC, Order: (1) Granting Application to Proceed In Forma Pauperis; (2) Dismissing Complaint in Part; and (3) Denying Request for Temporary Injunction