IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RUTH-ANN SPRINGER,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>OFFICER BRIAN HUNT, ET AL.,<br><br>　　　　　　Defendants. | CIV. NO. 17-00269 JMS-KSC<br><br>ORDER: (1) DISMISSING FIRST AMENDED COMPLAINT; AND (2) DIRECTING SERVICE OF THE ORIGINAL COMPLAINT |

**ORDER: (1) DISMISSING FIRST AMENDED COMPLAINT; AND (2) DIRECTING SERVICE OF THE ORIGINAL COMPLAINT**

**I. INTRODUCTION**

Before the court is pro se Plaintiff Ruth-Ann Springer's ("Plaintiff") "Complaint: Writ of Error is of the District of the Hawaii Federal: Title 42," which the court construes as a First Amended Complaint ("FAC"). ECF No. 14. The FAC names the undersigned, among many others, as new Defendants. FAC at 1; Ex. B at 4, ECF No. 14-2. For the reasons set forth below, the court declines to recuse itself from this case, DISMISSES the FAC without leave to amend, and DIRECTS service of the original Complaint, ECF No. 1.

///

///

///

## II. BACKGROUND

### A. The Original Complaint

On June 8, 2017, Plaintiff filed her original Complaint against Hawaii County Police ("HCP") Officer Brian Hunt ("Hunt"); HCP Sargent Wakita ("Wakita"); HCP Sargent Tingle ("Tingle"); HCP Officer Shane Travis ("Travis"); HCP Officer Kenneth Ishii ("Ishii"); realtor Lori Henbest ("Henbest") (collectively, the "Eviction Defendants"); and State of Hawaii Judge Harry P. Freitas ("Judge Freitas"), ECF No. 1, along with an Application to proceed in forma pauperis ("IFP Application"), ECF No. 4. On June 23, 2017, Plaintiff filed a Motion for Temporary Injunction. ECF No. 9.

The original Complaint asserts (1) 42 U.S.C. § 1983 claims against Judge Freitas, and the Eviction Defendants in their individual capacities only, for violation of, and conspiracy to violate, Plaintiff's statutory and/or constitutional rights, particularly those protected by the Fourth and Fourteenth Amendments; and (2) state-law claims. Compl. at 4-7, 11.[1] These claims appear to arise from State

---

[1] More specifically, the original Complaint asserts claims for violation of the following statutory or constitutional rights: (1) "the enumeration in the constitution of certain rights shall not be construed to deny or disparage others retained by the people"; (2) "offense against public administration: tampering with physical evidence"; (3) "conspiracy against rights"; (4) "deprivation of rights"; (5) "conspiracy to interfere: . . . for the purpose of depriving . . . any person's rights"; (6) "neglect to prevent: . . . the wrongs conspired to be done"; (7) "failure to correct the wrongs: . . . [The underlying] case was a civil matter. The officer made a personal political determination . . . [to] make this a criminal matter"; (8) "state court must prove on the record: All jurisdictional facts . . . I had questioned [the state court's] jurisdiction . . . over the

(continued . . . )

of Hawaii foreclosure and eviction, and subsequent criminal, proceedings.  In addition to allegations connected to these claims, the original Complaint contains numerous nonsensical opinions, assumptions, conclusory allegations, and pronouncements.[2]

On July 11, 2017, this court granted the IFP Application, dismissed the original Complaint in part for failure to state a claim, denied a temporary injunction, and granted Plaintiff leave to amend (the "July 11 Order").  ECF No. 11.  More specifically, the July 11 Order dismissed the conspiracy claim with leave to amend, dismissed claims against Judge Freitas without leave to amend, and found that the original Complaint stated "plausible § 1983 claims for unlawful seizure and excessive force in violation of the Fourth Amendment, and state-law

---

(. . . continued)
15-month period protecting my rights at all times with UCC 1-308"; (9) "right to a speedy trial: Statutes which would deprive a citizen of rights . . . or property without a regular trial . . . would not be the law of the land"; (10) "no immunity"; and (11) "duty of courts: . . . to be watchful for . . . stealthy encroachments" on "Constitutional rights."  Compl. at 4-6.

[2] For example, the original Complaint alleges: (1) "[t]he common law is the real law . . . ; the codes, rules, regulations, policy and statu[t]es are not the law," *id.* at 8; (2) "bank[s] never actually 'loan[]' anything of equitable value and contribute[] nothing but a minor accounting service when they set up a mortgage," and therefore "have no valid security interest," *id.*; (3) "we can't really own anything unless paid in gold" or "silver," and therefore "we are mere tenant's [(sic)] with rights of use, in regards to our property we presume," *id.* at 9; (4) "I have reserved all my rights with [Uniform Commercial Code ("UCC")] 1-308 and all my rights [are] protected by the Universal Declaration of Human Rights of December 1948," *id.* at 12; and (5) "your corporation agencies have agreed to pay me per your violations of my unalienable rights, protected by 1978 Hawai'i Constitution and the Constitution for the United States of America," *id.*

claims for assault and battery and [intentional and negligent infliction of emotional distress ("IIED/NIED")]." *Id.* at 15-16. The conspiracy claim was dismissed based on Plaintiff's failure "to allege specific facts showing any 'meeting of the minds,' to deprive Plaintiff of her constitutional rights." *Id.* (citing *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (explaining that to state a § 1983 conspiracy claim, a plaintiff "must show an agreement or 'meeting of the minds' to violate constitutional rights")).

The July 11 Order granted Plaintiff leave to amend "to attempt to cure the deficiency in her conspiracy claim, and to replead all claims that are not dismissed by this Order, *but not to add new or different claims*." *Id.* at 16 (emphasis added). Finally, the July 11 Order warned Plaintiff that if she failed to file an amended complaint as set forth in that order by August 4, 2017, "the [original] Complaint will remain the operative pleading and the court will issue an order directing service." *Id.* at 18-19.

**B.     The FAC**

On August 1, 2017, Plaintiff filed the instant FAC, which includes (1) seventeen pages that largely list statutes and assert incomprehensible pronouncements;[3] (2) Exhibit A, ECF No. 14-1, which appears to be an invoice for

---

[3] For example, the first two pages of the FAC list statutes, excerpts of which follow:

(continued . . . )

(. . . continued)
> TITLE: 4: CHAPTER: SECTION: 1&2, AND -3
> TITLE: 36: CHAPTER: 10: SECTION: 176(g)
> FOREIGN-SOVEREIGN-IMMUNITY-ACT, OCTOBER 21, 1976
> AMRY [(SIC)] REGULATIONS: 840-10 SECTION: 1&2 AND 2-3, 2-5, AND 2-6
> TITLE: 28: U.S.A. CODES: 636(1)(c) ADMERTY [(SIC)]-MARITIME JURISDICTION
> . . . .
> TITLE: 28: SECTION: 3: IN THE JURISDICTION OF THE PLAINTIFF "In Propria Persona" AND NO DISCLAIMER OF RESPONCIBILITY [(sic)] CONTRACT FOR THE FOREIGN/FICTION-FRINGE-FLAG
> . . . .
> TITLE: 28:U.S.A. CODES: SECTION: 1359(3) TWO OR MORE CONSPIRE GO ON THE PREMISES OF ANOTHER TO DEPRIVE ANY PERSON EQUAL PROTECTION OF THE LAWS
> TITLE: 18: U.S.A. CODES: SECTION: 1202 RANSOM FOR SECURITY . . . .

FAC at 1. The FAC also contains numerous paragraphs, asserted as facts, such as:

> ON THE JUNE 8, 2017 . . . WITH THE KNOWLEDGE OF THE LAW BY THE TITLE: 42: U.S.A. CODES: SECTION: 1983: AND BY THE NEGLECT OF THE DUE-PROCESS OF THE LAW UNDER THE [CONSTITUTION OF THE UNITED-STATES UNDER THE AMERICA FLAG ("C.U.S.A.F.")] FOR THE AMENDMENT OF THE FIVE (5) FOR THE Plaintiff "In Propria Persona" IS-INJURED, . . . BY THE RESPONDENTS TITLED-HEREIN . . . F.R.C.P. RULE: 12(b)(2) LACK OF THE JURISDICTION OVER THE PARTY BEFORE THE COURT BY THE LACK OF THE DECLAIMER [(sic)] FOR THE RESPONSIBILITY OF THE COURT OVER THE Plaintiff "In Propria Persona" UNDER THE U.C.C. 1-308 EXPLICIT RESERVATION OF RIGHTS, . . . HUNT, ET AL. NOTE: BY THE WANT OF THE CARE UNDER THE CONSPIRACY, WILL LOSE ALL IMMUNITY AND NOW CAN BE PROSECUTED FOR THE VIOLATIONS AND BREACH OF THE C.U.S.A.F.-CONTRACT BY THE OATH AND/OR AFERMATIONS [(sic)], OF THE OATH OF THE OFFICE OF RESPONDENTS HUNT ET. AL.

*Id.* ¶ 6.

Plaintiff's appearances in state court; (3) Exhibit B, ECF No. 14-2, which lists the original Defendants and sixteen new Defendants;[4] (4) Exhibit C, ECF No. 14-3, which appears to be an invoice for damages from property losses and the alleged assault against Plaintiff; (5) Exhibit D, ECF No. 14-4, Plaintiff's Declaration summarizing the events on the day Plaintiff was evicted and arrested; and (6) Exhibit E, ECF No. 14-5, state court public records of underlying state criminal actions against Plaintiff.

### III. <u>DISCUSSION</u>

**A.     Recusal**

Because the FAC names the undersigned as a Defendant, the court initially addresses whether recusal is necessary or appropriate. The FAC names the undersigned in the caption and in Exhibit B, but does not include factual allegations clearly linking the undersigned to any specific claim. Construed liberally, however, the FAC may be alleging that by describing Plaintiff's Motion for Temporary Injunction as "incomprehensible gibberish that fails to comply with applicable legal standards for granting injunctive relief," July 11 Order at 18, the

---

[4] Newly-named Defendants include: J. Michael Seabright (the undersigned); Jared Ahuna; Ocwen Loan Servicing; Mike Sarehkhani; Indy Mac/Onewest; Fanny Mae; MERS; U.S. Bank National; RICO Hawaii; Loretta Lynch; Consumer Financial Protection Bureau; Controller of the Currency; Elijah Jenkins; Postal Inspector; Attorney General, Doug Chin; and State of Hawaii, Taxation, Zielinski. FAC, Ex. B, ECF No. 14-2.

undersigned committed a tort against, and violated and conspired to violate Plaintiff's constitutional rights:

> (27.) NOTE: FOR THE Plaintiff "In Propria Persona" IS-INJURED THROUGH CONSPIRACY, COLLUSION, TORT, FORCEFUL C.U.S.A.F.-CONTRACT, FOR PERJURY OF THE OATH, OR SURRENDER OF THE C.U.S.A.F. INTO THE FOREIGN/FICTION-STATE-LANGUAGE, FOR THE CONSTRUCTIVE-TREASON BY THE COURT. UNDER THE TITLE: 28: U.S.A. CODES: SECTION: 454 AND 455, FOR THE RESPONDENTS AND INCORPORATED INTO THE CASE FOR THE CONSPIRACY. . . . BY THE WRITTEN-LANGUAGE-WORD OF THE RESPONDENTS HUNT ET AL. *REMARKS (I.E. GIBERISH)* [(sic)] FOR THE DISPLAYING OF THE NEGLECT OF THE OATH OF THE COURT-OFFICER AND DEPRIVATION OF THE C.U.S.A.F. RIGHTS UNDER THE . . . TITLE: 28: C.U.S.A.F. CHAPTER: 21: SECTION: 454 AND . . . SECTION: 455,(b)(1)(4)(5)(ii)(iii), (d)(2) AS THE Plaintiff "In Propria Persona" IS-*INJURED BY THE PRACTICE OF THE LAW BY THE JUDGES ON THE BENCH* . . . .

FAC ¶ 27 (emphases added).

The recusal statute provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). It further provides that a judge "shall also disqualify himself . . . [if he is] a party to the proceeding." 28 U.S.C. § 455(b)(5)(i). But, well-settled law also provides that "a judge is not disqualified merely because a litigant sues or threatens to sue him." *Ronwin v. State Bar of Ariz.*, 686 F.2d 692, 701 (9th Cir. 1982), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984)

7

(quotation marks omitted); *see also Gabor v. Seligmann*, 222 F. App'x 577, 578 (9th Cir. 2007) (quoting *Ronwin*); *In re Bush*, 232 F. App'x 852, 854 (11th Cir. 2007); *In re Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977). "Such an easy method for obtaining disqualification should not be encouraged or allowed." *Ronwin*, 686 F.2d at 701. This is because "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (Rehnquist, J., mem.). Thus, the Ninth Circuit has upheld a district judge's decision not to recuse himself after pro se plaintiffs named him as a defendant in their amended complaint. *See Gabor*, 222 F. App'x at 578.

And with regard to § 455(a), allegations of a judge's impartiality "must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citation omitted); *see also White v. Stephens*, 2014 WL 4925867, at *4 (W.D. Tenn. Sept. 30, 2014) ("The basis for recusal under § 455(a) . . . cannot be a judge's prior ruling."). Here, because the only allegation in the FAC connected to the undersigned references this court's July 11 Order, and the undersigned was only added as a Defendant in the FAC, neither § 455(a) nor § 455(b)(5)(i) mandate recusal.

Further, the Code of Conduct for United States Judges ("Code of Conduct") includes provisions regarding recusal that are similar to § 455's provisions. *See* Code of Conduct, Canon 3C. The Committee on Codes of Conduct issues advisory opinions regarding application of the Code of Conduct to various circumstances. Advisory Opinion 103 identifies competing interests where claims are asserted against judges:

> Important reasons exist for a judge not to disqualify routinely, as this would permit and might even encourage litigants to manipulate and abuse the judicial process, which could undermine public confidence in the integrity of the judiciary. Automatic disqualification of a judge cannot be obtained by the simple act of suing the judge, particularly where the suit is primarily based on the judge's prior judicial rulings. On the other hand, a universal refusal to recuse could also lead to disrespect for and a loss of public confidence in the integrity of the judicial process.

Guide to Judiciary Policy, Vol. 2B, Ch. 2, which can be accessed at http://www.uscourts.gov/sites/default/files/vol02b-cg02.pdf (last visited August 3, 2017). Advisory Opinion 103 also identifies the following factors to consider when determining whether recusal is warranted: "the nature of the complaint, the applicable law, the possibility of factual issues involving the credibility of the named judge or judges, and any other circumstances that might provide a reasonable ground for questioning the impartiality of the assigned judge." *Id.* And it states that "[a] complaint filed against a judge that is subject to prompt dismissal

on judicial immunity grounds will not ordinarily give rise to a reasonable basis to question the judge's impartiality . . . and thus will not require the judge to recuse." *Id.*

Here, given the nature of Plaintiff's claims and because the FAC's allegations concern only a prior ruling in this case, and claims asserted against the undersigned based on such ruling would be subject to judicial immunity, recusal is not warranted under Code of Conduct Canon 3C. To recuse, given the facts of this case, would permit and encourage abuse and manipulation of the judicial system by simply naming -- with no support -- a judge in an amended complaint after dismissal (or, as in this case, partial dismissal) of the original complaint.

Based on the foregoing, the court finds that recusal from this case is neither required nor appropriate.

**B.    Screening the FAC**

   **1.    *Standards of Review***

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a)[5] to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."

---

[5] Section 1915(a) governs IFP proceedings.

28 U.S.C. § 1915(e)(2)(B); *see, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *See UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Plaintiff is appearing pro se; consequently, the court liberally construes the FAC. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v.*

*Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013). A court may, however, deny leave to amend where further amendment would be futile. *See, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons, "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment").

### 2. *Application of Standards to the FAC*

As set forth in the July 11 Order, the court granted Plaintiff leave to amend to attempt to cure the deficiencies of her conspiracy claim, in particular, the original Complaint's failure to allege any specific facts showing a "meeting of the minds" to deprive her of her constitutional rights. July 11 Order at 12, 16. The court further granted Plaintiff leave to replead her § 1983 claims for unlawful seizure and excessive force in violation of the Fourth Amendment, and state-law claims for assault and battery and IIED and/or NIED. *Id.* at 15, 16. Plaintiff was not granted leave to add new or different claims. *Id.* at 16. Finally, the July 11 Order instructed Plaintiff to comply with the Federal Rules of Civil Procedure and

the court's Local Rules, and designate an amended complaint as a "First Amended Complaint." *Id.*

Nowhere does the FAC allege facts showing an agreement or "meeting of the minds" by Defendants to deprive Plaintiff of her constitutional rights. Thus, the court finds that FAC fails to state a conspiracy claim. *See Franklin*, 312 F.3d at 441 (explaining that to state a § 1983 conspiracy claim, a plaintiff "must show an agreement or 'meeting of the minds' to violation constitutional rights").

And despite the court's admonition that an amended complaint may not contain new or different claims, the FAC attempts to do just that. First, the FAC contains an exhaustive list of civil and criminal statutes and court rules, many of which were not included in the original Complaint. In addition, the FAC's nearly incomprehensible numbered paragraphs that purport to be causes of action, facts, conclusion, or prayer are riddled with these newly-added statutes and rules. Nowhere does the FAC contain any specific factual allegations to support a conspiracy claim, such as a "meeting of the minds" by any Defendants. And the FAC fails to allege any facts that connect any of the newly-named Defendants to the non-dismissed claims. In short, the FAC neither attempts to cure the conspiracy claim nor appears to replead those claims that were not dismissed by

the July 11 Order.[6]  Thus, the FAC in its entirety is DISMISSED for failure to state a claim.  *See UMG Recordings, Inc.*, 718 F.3d at 1014 (stating that a complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim).

Because the original Complaint stated plausible federal and state claims, and the FAC not only failed to allege any plausible claim for relief, but was largely filled with confusing, nonsensical gibberish, the court finds that granting further leave to amend would be futile.  *See Leadsinger, Inc.*, 512 F.3d at 532.  Accordingly, the FAC is DISMISSED without leave to amend.

Given Plaintiff's pro se status, the court, after dismissing the FAC, will treat the original Complaint as the operative pleading.  Because the original Complaint states some plausible claims for relief against the Eviction Defendants, it shall be served.

## IV.  **CONCLUSION**

Based on the foregoing, the FAC is DISMISSED without leave to amend for failure to state a claim.  The U.S. Marshal is DIRECTED to serve the

---

[6] And to the extent the FAC may be asserting a stand-alone claim against the undersigned based on the July 11 Order, such claim is barred by judicial immunity.  *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988 (per curiam) ("Judges are absolutely immune from damages action for judicial acts taken within the jurisdiction of their courts."); *see also Ashman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges . . . are absolutely immune from damage liability for acts performed in their official capacities.").

14

original Complaint and summons on Defendants Hunt, Wakita, Tingle, Travis, Ishii, and Henbest at Plaintiff's direction. Plaintiff is DIRECTED to mail a copy of the original Complaint and the fully completed service documents to the U.S. Marshal, as set forth below. If Defendants accept waiver of service of the summons, they shall return the completed waiver of service documents to the U.S. Marshal, who will file the waivers with the court. Defendants are thereafter directed to file an Answer or other response to the original Complaint within the time allowed under the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED:

1. The Clerk of Court is directed to send Plaintiff two (2) summonses, two (2) USM-285 forms, two (2) Notice of Lawsuit and Request for Waiver of Service of Summons forms (AO 398), two (2) Waiver of Service of Summons forms (AO 399), and a copy of the endorsed original Complaint. Plaintiff shall then complete the forms as directed, and submit the following documents to the United States Marshals Service in Honolulu, Hawaii, for service on each Defendant: a completed USM-285 form, a copy of the endorsed original Complaint, and a summons as to each Defendant. A set of forms is needed for each Defendant.

2. Upon receipt of these documents and a copy of this Order, the United States Marshal shall serve on each Defendant a copy of the original Complaint, completed Notice of Lawsuit and Request for Waiver of Service form (AO 398) and completed Waiver of Service of Summons form (AO 399), as directed by Plaintiff pursuant to Rule 4 of the Federal Rules of Civil Procedure without payment of costs.

3. The United States Marshal is directed to retain the sealed summons and a copy of the original Complaint for future use. The United States Marshal shall file a returned Waiver of Service of Summons form as well as any request for waiver that is returned as undeliverable, as soon as it is received.

4. If a Waiver of Service of Summons form is not returned by any Defendant within sixty days from the date the United States Marshal mailed the request for waiver, the United States Marshal shall:

    a. Personally serve such Defendant with the above-described documents pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

    b. Within ten days after personal service is effected, the United States Marshal shall file the return of service for such Defendant, along with evidence of any attempts to secure a

waiver of service of summons and of the costs subsequently incurred in effecting service on Defendant. The costs shall be enumerated on the USM-285 forms and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and original Complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions in Federal Rule of Civil Procedure 4(d)(2).

5. Plaintiff shall serve a copy of all further pleadings or documents submitted to the court upon Defendants or their attorneys. Plaintiff shall include, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to Defendants or their counsel. Any paper received by a District Court Judge or Magistrate Judge that has not been filed with the Clerk of Court or which does not include a certificate of service will be disregarded.

///

///

///

6. Plaintiff is notified that, until service of the original Complaint has been effected, Plaintiff should not file motions or other documents with the court. Plaintiff is further notified that she must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 4, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Springer v. Hunt, et al.*, Civ. No. 17-00269 JMS-KSC, Order: (1) Dismissing First Amended Complaint; and (2) Directing Service of the Original Complaint