IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RUTH-ANN SPRINGER,<br><br>     Plaintiff,<br><br> vs.<br><br>OFFICER BRIAN HUNT, ET AL.,<br><br>     Defendants. | Civ. No. 17-00269 JMS-RT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE KEVIN S. C. CHANG, ECF NO. 142 |

## ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE KEVIN S. C. CHANG, ECF NO. 142

## I. INTRODUCTION

Plaintiff Ruth-Ann Springer, proceeding pro se, filed a letter which the court construes as a Motion to Disqualify Magistrate Judge Kevin S.C. Chang. ECF No. 142. Plaintiff identifies no valid reason to remove Judge Chang from this action. Accordingly, the Motion is DENIED.

## II. DISCUSSION

### A.  Background

On June 8, 2017, Plaintiff filed a Complaint against numerous Defendants, including several Hawaii County Police Officers and realtor Lori Henbest (collectively, "Defendants"), based on events arising from a State of Hawaii foreclosure and eviction. ECF No. 1. On July 11, 2017, the court granted

Plaintiff's Application to proceed in forma pauperis, ECF No. 4, and on August 4, 2017, issued an order directing service of the Complaint, ECF No. 16. The Clerk entered default against Henbest on April 11, 2018. ECF No. 82.

Some of the orders issued by Magistrate Judge Chang during the course of this litigation include: (1) a June 29, 2018 order denying Plaintiff's request for free access to court documents, ECF No. 98; (2) a July 10, 2018 order granting Defendants' motion to compel discovery of Plaintiff's medical records and warning Plaintiff that sanctions may be imposed if she fails to comply timely, ECF No. 104; (3) an August 28, 2018 order compelling Plaintiff to comply with the July 10 order by September 4, 2018 and warning that failure to comply timely "will result in the imposition of sanctions, which may include dismissal of this action," ECF No. 124; and (4) a September 13, 2018 order granting Henbest's motion to set aside entry of default, ECF No. 140.

On September 14, 2018, Plaintiff filed the instant Motion seeking an order disqualifying Magistrate Judge Chang because he "is being very biased and prejudice[d] in the way he is presiding and ruling in this case." Mot. at 4. Plaintiff contends that Magistrate Judge Chang is therefore, "unfit to preside and rule" in this action. *Id.* at 1. On October 10, 2018, Plaintiff filed a motion to stay this action due to unforeseen medical complications. ECF No. 156. On October 11, 2018, Judge Chang granted the motion and stayed this action until January 31,

2019.  ECF No. 157.  On October 12, 2018, Plaintiff filed an "Affidavit of Facts to Remove Judge Chang From Case #17-00269 JMS-KSC Due to Bias and Prejudice."  ECF No. 160.

Judge Chang retired from active duty on January 4, 2019, and this case was reassigned to Magistrate Judge Rom Trader as referral judge.  ECF No. 161.  On January 28, 2019, Judge Trader sua sponte continued the stay of this action until February 28, 2019.  ECF No. 166.  On February 19, 2019, Plaintiff filed a motion to extend the stay another six months.  ECF No. 170.  Judge Trader denied that motion on March 11, 2019, thereby terminating the stay.  ECF No. 178.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

## B.    Standard of Review

The applicable standards for disqualification of a federal judge are found in 28 U.S.C. §§ 144 and 455.[1]  As provided in 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court
> makes and files a timely and sufficient affidavit that the
> judge before whom the matter is pending has a personal
> bias or prejudice either against him or in favor of any
> adverse party, such judge shall proceed no further

---

[1] Plaintiff's Motion cites 28 U.S.C. §§ 351 and 455.  Section 351 applies to separate actions for judicial misconduct, which this is not.  Section 455 sets forth circumstances in which a judge must disqualify *himself* in a proceeding.  Because Plaintiff is proceeding pro se and filed an affidavit supporting disqualification, the court liberally construes the Motion as brought pursuant to § 144.

therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 similarly provides, in pertinent part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party[.]

 "Under both . . . statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations, quotation marks, and alterations omitted), *abrogated on other grounds by Simmons v. Himmelreich*, 136 S. Ct. 1843 (2016).  "The 'reasonable person' is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer . . . who understand[s] all the relevant facts and has examined the record and law."  *United*

*States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008) (internal citations and quotation marks omitted). "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (citation and quotation marks omitted).

Moreover, the alleged bias or prejudice "must usually stem from an extrajudicial source." *Pesnell*, 543 F.3d at 1044. The Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." *Pesnell*, 543 F.3d at 1044 (internal quotation marks omitted) (quoting *Liteky*, 510 U.S. at 555).

**C.    Analysis**

Plaintiff argues that Judge Chang "has defeated every action I have undertaken, . . . [and] has criticized my writing when he knows I am not an attorney."  Mot. at 4.  More specifically, Plaintiff describes the following examples of rulings and conduct which she states show that Judge Chang is biased or prejudiced against her:

(1)    Plaintiff contends that she filed this action "in Propria Persona," not "pro se."  Mot. at 1.  She complains that "[e]veryone in this case continually addresses me as 'Pro Se,' but that is not my status [and] Judge Chang . . . refuse[s] to correct this."  *Id.*; *see* Pl.'s Affidavit ¶ 1, ECF No. 160;

(2)    Plaintiff contends that she lacks copies of multiple filed documents, cannot afford the public copying charges, and cannot afford to travel from the Big Island to obtain copies.  *Id.*  Plaintiff complains that Judge Chang's denial of her request for "free access to PACER to retrieve the missing documents . . . shows he is biased."  Mot. at 1; *see* Pl.'s Affidavit ¶ 3;

(3)    Plaintiff refused to produce her medical records absent some guarantee that her privacy would be protected.  Judge Chang granted Defendants' motions to compel and ordered Plaintiff to produce her medical records or risk sanctions.  Plaintiff refused to do until Defendants' counsel signed a protective order.  Plaintiff contends that Judge Chang's orders compelling Plaintiff's

production of such records and imposition of sanctions for failure to cooperate, while she was trying to work with Defendants' counsel on a protective order, evidence bias.  Mot. at 2; *see* Pl.'s Affidavit ¶ 2;

(4)     Judge Chang granted Henbest's motion to set aside default, despite Plaintiff's contention that "Henbest did not have 'good cause' for not answering the Complaint."  Mot. at 2.  Plaintiff argues that Henbest — who represented that she "was confused" about which court Plaintiff had filed this action in and had been in an accident — was not punished for missing the deadline to file an answer, but Plaintiff, who is suffering from lung cancer, was sanctioned for missing deadlines.  *Id.*; *see* Pl.'s Affidavit ¶ 4 (adding that when Judge Chang "set the default aside, he left the court room abruptly while [Plaintiff] was still talking, which [shows] that Judge Chang knew he did wrong by setting the default aside"); and

(5)     During a settlement conference, Judge Chang tried to "talk [Plaintiff] out of [her] complaint," telling Plaintiff that she had "lost the case."  Pl.'s Affidavit ¶ 5.  Plaintiff contends that Judge Chang "has already decided in favor of the defendants," and therefore, "all Judge Chang's decisions . . . are filled with bias[] and prejudice."  *Id.*

For the reasons discussed below, Plaintiff's allegations are insufficient to establish bias.

First, it is well-established that "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high." *Beverly Hills Bancorp v. Hine*, 752 F.2d 1334, 1341 (9th Cir. 1984) (citation omitted); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("[Appellant's] allegations stem entirely from the district court judge's adverse ruling. That is not an adequate basis for recusal."). And a judge's opinions, formed "on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Plaintiff's disagreement with Judge Chang's rulings is not a sufficient ground for a motion to disqualify.

Second, numerous courts have recognized that although "*in propria persona*" has some historical significance as a former rule of pleading, the term no longer has a separate legal meaning. That is, courts routinely use the phrases "*in propria persona*" and "pro se" interchangeably and synonymously. *See United States v. Pryor*, 842 F.3d 441, 450 n.5 (6th Cir. 2016) ("'*In propria persona*' is legally equivalent to 'pro se.'" (citing *Black's Law Dictionary* (10th ed. 2014)); *El-Bey v. Mount Pleasant*, 2016 WL 8674642, at *1 n.3 (D.S.C. Dec. 16, 2016);

*Neighbors v. Lawrence*, 2016 WL 3685355, at *3 (D. Kan. July 12, 2016) (citing cases). Thus, to the extent Plaintiff contends that Judge Chang has been disrespectful, committed fraud, or showed his bias against her by referring to her as "pro se" rather than "in Propria Persona," she is simply incorrect.

Moreover, a "judge's conduct during the proceedings should not, except in the rarest of circumstances form the sole basis for recusal" (or disqualification). *Holland*, 519 F.3d at 914 (citation omitted). Plaintiff's allegations fall far short of showing that Judge Chang's conduct is within the "rarest of circumstances" that would warrant his disqualification. In short, Plaintiff's reliance on adverse rulings and Judge Chang's failure to refer to her as "*in Propria Persona*" to establish bias is insufficient. None of her assertions would lead a reasonable person with knowledge of all the facts to conclude that Judge Chang's impartiality might be suspect.

In sum, Plaintiff has failed to establish bias and therefore, disqualification pursuant to § 144 is not warranted.

///

///

///

///

///

### III.  **CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Disqualify Magistrate

Judge Kevin S. C. Chang, ECF No. 142 is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 18, 2019.



   /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Springer v. Hunt, et al.*, Civ. No. 17-00269 JMS-RT, Order Denying Plaintiff's Motion to Disqualify Magistrate Judge Kevin S. C. Chang, ECF No. 142