IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RUTH-ANN SPRINGER,<br><br>            Plaintiff,<br><br>vs.<br><br>OFFICER BRIAN HUNT, ET AL.,<br><br>            Defendants. | Civ. No. 17-00269 JMS-RT<br><br>ORDER DENYING DEFENDANT LORI HENBEST'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, ECF NO. 147 |

**ORDER DENYING DEFENDANT LORI HENBEST'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, ECF NO. 147**

**I.  INTRODUCTION**

Before the court is Defendant Lori Henbest's Motion to Dismiss pro se Plaintiff Ruth-Ann Springer's ("Plaintiff") Complaint for lack of subject matter jurisdiction. ECF No. 147. For the reasons set forth below, the Motion to Dismiss is DENIED.

**II.  BACKGROUND**

**A.  Procedural Background**

On June 8, 2017, Plaintiff filed a "Complaint for Violation of Civil Rights" ("Complaint") against Hawaii County Police ("HCP") Officer Brian Hunt ("Hunt"), HCP Sergeant Wakita, HCP Sergeant Tingle, HCP Officer Shaine

Tavares, HCP Officer Kenneth Ishii (collectively, the "HCP Defendants"), realtor Lori Henbest ("Henbest"), and State of Hawaii Judge Harry P. Freitas ("Judge Freitas"), ECF No. 1, and an Application to proceed in forma pauperis ("IFP Application"), ECF No. 4. On July 11, 2017, this court granted the IFP Application and dismissed the Complaint in part for failure to state a claim (the "July 11 Order"). ECF No. 11. The July 11 Order dismissed claims against Judge Freitas without leave to amend, dismissed Plaintiff's conspiracy claim with leave to amend, and determined that the remaining federal and state-law claims against the HPD Defendants and Henbest could proceed. *Id.* at 15-16.

On August 1, 2017, Plaintiff filed a document titled "Complaint: Writ of Error is of the District of the Hawaiʻi Federal: Title: 42," which the court construed as a First Amended Complaint ("FAC"). ECF No. 14. On August 4, 2017, the court dismissed the FAC without leave to amend for failure to state a claim and directed service of the original Complaint against Henbest and the HPD Defendants. ECF No. 16. On November 8, 2017, the HCP Defendants filed a Motion to Dismiss, ECF No. 37, which was denied on February 13, 2018 (the "February 13 Order"), ECF No. 66; *Springer v. Hunt*, 2018 WL 846909 (D. Haw. Feb. 13, 2018).

On September 20, 2018, Henbest filed the instant Motion to Dismiss. ECF No. 147. The court stayed all proceedings in this case from October 11, 2018

2

through February 28, 2019. ECF Nos. 157, 166. On March 1, 2019, Plaintiff filed an Opposition to the Motion to Dismiss, and on March 15, 2019, Henbest filed a Reply. ECF Nos. 176, 180. Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

**B.     Factual Background**

The February 13 Order set forth a detailed factual background to this action. *See Springer*, 2018 WL 846909, at *2-4. The court assumes a familiarity with that order and therefore, sets forth only those facts necessary to address the instant motion.

This action arises from a State of Hawaii foreclosure and eviction, and subsequent criminal proceedings. As alleged in the Complaint, on January 15, 2016, Henbest and the HPD Defendants removed Plaintiff from her home (the "subject property") on the Big Island of Hawaii pursuant to an expired writ of possession. Compl. at 6 ("3 Officers, 2 Sargent's [sic], and a Real-estate agent, using an old writ of possession that the statute of limitation had run out . . . took possession of my property . . . ."). In the course of the eviction, Henbest allegedly "assaulted [Plaintiff] by shoving [her] into the hall wall hard enough to knock the wind from [her]." *Id.* at 10. The Complaint alleges that Henbest had the locks replaced on the home and removed Plaintiff's possessions. *Id.* The banks and Henbest allegedly sold Plaintiff's home. *Id.* at 9. Subsequently, "people were

moved into [Plaintiff's] home and after the case was dismissed, [her] property was never returned . . . ." *Id.* at 11. As a result of the foregoing, Plaintiff allegedly suffered severe mental anguish and depression, physical injuries, had a nervous breakdown, lost everything, and became homeless. *Id.* at 11, 12.

The Complaint alleges 42 U.S.C. § 1983 claims against Henbest and the HPD Defendants in their individual capacities only, for violation of Plaintiff's statutory and/or constitutional rights, particularly those protected by the Fourth Amendment. *Id.* at 4-7, 11. The Complaint further alleges state-law claims against Henbest and the HPD Defendants for assault and battery, and intentional and negligent infliction of emotional distress. *Id.* at 8-12. The Complaint seeks (1) compensatory damages; (2) $25,000,000.00 per violation (12 violations) of Plaintiff's rights protected by the United States and Hawaii constitutions;[1] and (3) the incarceration of all Defendants for five years, and forfeiture of all they own. *Id.* at 12.

While addressing the HPD Defendants' Motion to Dismiss, this court took judicial notice of the docket and documents publicly filed with the State of

---

[1] Section 1983 does not apply to state constitutional claims. *See, e.g.*, *Patterson v. Necoechea*, 2015 WL 9997206, at *3 (D. Ariz. Dec. 10, 2015) ("Section 1983 only applies to rights secured by the United States Constitution; thus, Plaintiff cannot seek relief for violation of an Arizona Constitution provision."); *Exit 282A Dev. Co. v. Worrix*, 2013 WL 786443, at *6 (D. Or. Mar. 1, 2013) ("Plaintiffs' Oregon constitutional claim . . . does not arise under § 1983.").

4

Hawaii District Court of the Third Circuit, Puna Division.[2] *Springer v. Hunt*, 2018 WL 846909, at *3. Those materials show that a non-judicial foreclosure was conducted against the subject property, resulting in (1) a February 28, 2012 Judgment for Possession in favor of the Federal National Mortgage Association and against Plaintiff (and two others), and (2) a February 28, 2012 Writ of Possession, effective February 27, 2012. *See Springer*, 2018 WL 846909, at *3 & n.9-10.

But the state-court docket also shows that by Order of July 13, 2012, a February 28, 2012 "Order Granting Plaintiff's Motion for Summary Judgment and Writ of Possession" (the "February 28, 2012 Order") was stricken from the record. *See id.* at *4 (citing Hawaii State Judiciary's Public Access to Court Information ("Hoʻohiki"), http://hoohiki.courts.hawaii.gov/#/case?caseId=3RC111000287). And it further shows that on December 19, 2012, a "Satisfaction of Judgment for Possession Filed February 28, 2012" was filed that references the February 28, 2012 Order and a March 25, 2012 lockout on the subject property, but not the July 13, 2012 Order. *See id.*

---

[2] *See Harris v. Cty. of Orange*, 682 F3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (citation omitted); *see also Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (stating that the court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citations omitted).

5

The February 13 Order found the state-court materials confusing and insufficient to provide the court with a clear understanding as to the validity of either the Judgment for Possession or February 28, 2012 Writ of Possession. *Id.* In part because it was not clear that Plaintiff lacked a possessory interest in the subject property, the February 13 Order determined that Plaintiff's Complaint stated plausible federal claims for unreasonable search and seizure of Plaintiff's property in violation of the Fourth Amendment. *Id.* at *6.

### III. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case . . . ." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

"Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways. A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quotation omitted). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations . . . ." *Id.* Where the court considers evidence

6

outside the pleadings for this purpose, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill Publ'g Co. v. Gen. Tel. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). Thus, in a factual attack on the court's jurisdiction, the court may accept and evaluate evidence beyond the complaint to determine whether jurisdiction exists, without converting the motion to dismiss into a motion for summary judgment. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Thornhill*, 594 F.2d at 733.

## IV. **DISCUSSION**

Henbest seeks dismissal of Plaintiff's Complaint arguing that the Complaint fails to allege a cognizable basis for federal subject matter jurisdiction against Henbest. More specifically, Henbest argues that Plaintiff failed to allege facts sufficient to invoke diversity jurisdiction under 28 U.S.C. § 1332,[3] and failed to allege that Henbest is a state actor — a necessary element for Plaintiff's § 1983 claim, *see Long v. Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right

---

[3] This is not in dispute — Plaintiff does not assert diversity jurisdiction as a basis for this court's jurisdiction.

secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law.") (citation omitted) — thereby precluding federal question jurisdiction under 28 U.S.C. § 1331. But Henbest does not account for this court's undisputed federal question jurisdiction over Plaintiff's § 1983 claims against the HPD Defendants. That is, at a minimum, Henbest does not address, let alone establish, why this court lacks supplemental jurisdiction over Plaintiff's state-law claims against Henbest. Thus, the instant Motion to Dismiss is DENIED.

A.  **Supplemental Jurisdiction Legal Standard**

>   Title 28 U.S.C. § 1367(a) provides:
>
>   [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

State-law claims that "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding" are part of the same case or controversy as federal claims. *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (quoting *Finley v. United States*,

490 U.S. 545, 549 (1989) (additional citation and internal quotation marks omitted)); *see Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a common nucleus of operative fact with the federal claims and the state and federal claims would normally be tried together." (citation and internal punctuation omitted)).

Thus, where a plaintiff asserts a state-law claim against one defendant and a federal-law claim against another defendant, the court may exercise supplemental jurisdiction over the state-law defendant so long as the state and federal claims arise from a common nucleus of facts. *See Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1173-75 (9th Cir. 2002); *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164-65 (10th Cir. 2004); *Moore v. Nat'l City Mortg. Co.*, 2010 WL 914334, at *6 (D. Haw. Mar. 15, 2010). Generally, courts have interpreted § 1367(a) to require "only that the jurisdiction-invoking claim and the supplemental claim have some loose factual connection." *Watson v. Wash. Dep't of Corr.*, 2018 WL 7150488, at *9 (W.D. Wash. Nov. 15, 2018) (quoting 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3567.1 (3d ed. 2008)).

> A court may decline supplemental jurisdiction, however, if:
>
> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all

9

> claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

## B. Application of Supplemental Jurisdiction Standard to Plaintiff's Claims Against Henbest

Here, Plaintiff has asserted both § 1983 claims and state-law claims against Henbest and the HPD Defendants based on the events of January 15, 2016. The February 13 Order found that Plaintiff's Complaint stated some plausible § 1983 claims against the HPD Defendants. *See Springer*, 2018 WL 846909, at *6-8. That is, claims remain pending against the HPD Defendants over which this court has original jurisdiction pursuant to 28 U.S.C. § 1331.

And Plaintiff's state-law claims against Henbest for assault and battery and for intentional and negligent infliction of emotional distress arise from the same January 15, 2016 course of events — the alleged removal of Plaintiff and her personal property from the subject property — underlying Plaintiff's § 1983 claims. These claims would ordinarily be tried in the same proceeding because they rely on the same general narrative of events, the same individuals are witnesses to those events, and both Henbest and the HPD Defendants rely in part on the same orders issued in the state-court non-judicial foreclosure action in defense of their actions. *See*, *id.* at *3; Def.'s Mot. at 4, ECF No. 147-1; *see also*

ECF Nos. 37-4, 55-2, 147-3.  Thus, this court has supplemental jurisdiction pursuant to § 1367(a) over Plaintiff's state-law claims against Henbest.

Because the court has supplemental jurisdiction over Henbest, the court need not determine whether it would also have jurisdiction based on Plaintiff's § 1983 claim against Henbest.  To the extent Henbest contends that she, a private real estate agent, is not a state actor and is therefore immune from suit under § 1983, *see* Mot. at 7, ECF No. 147-1, or that a § 1983 claim fails as a matter of law against her, she may seek relief on this basis by separate motion.

## V. <u>CONCLUSION</u>

Based on the foregoing, Henbest's Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 2, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Springer v. Hunt, et al.*, Civ. No. 17-00269 JMS-RT, Order Denying Defendant Lori Henbest's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 147