IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RUTH-ANN SPRINGER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>OFFICER BRIAN HUNT, ET AL.,<br><br>　　　　　Defendants. | Civ. No. 17-00269 JMS-RT<br><br>ORDER DENYING DEFENDANTS HUNT, WAKITA, TINGLE, TAVARES, AND ISHII'S MOTION FOR TERMINATING SANCTIONS, ECF NO. 182 |

**ORDER DENYING DEFENDANTS HUNT, WAKITA, TINGLE, TAVARES, AND ISHII'S MOTION FOR TERMINATING SANCTIONS, ECF NO. 182**

## I. INTRODUCTION

Before the court is Defendants Officer Brian Hunt, Sergeant Wakita, Sergeant Tingle, Officer Shaine Tavares, and Officer Kenneth Ishii's (collectively, "Defendants") Motion for terminating sanctions ("Motion") for Plaintiff's failure to comply with an August 28, 2018 discovery order, ECF No. 124, (the "August 28 Order"). ECF No. 182. For the reasons set forth below, the Motion is DENIED.

## II. BACKGROUND

**A.　Factual Background**

This case arises from State of Hawaii foreclosure and eviction, and subsequent criminal, proceedings against Plaintiff. Plaintiff asserts claims against

Defendants for unlawful seizure and excessive force in violation of the Fourth and Fourteenth Amendments to the Constitution and state-law claims for assault and battery and intentional and/or negligent infliction of emotional distress. ECF No. 1.

The instant Motion arises from a discovery dispute and a July 10, 2018 Order compelling Plaintiff to respond to an interrogatory, produce certain documents, and authorize the disclosure of medical information. *See* ECF No. 104. The July 10, 2018 Order warned Plaintiff that failure to comply by July 24, 2018, may result in the imposition of sanctions. *Id.* Thereafter, Plaintiff wrote a letter to the court and filed documents opposing disclosure of private medical information, discussing her health condition, and/or seeking extensions of time to meet various deadlines. *See* ECF Nos. 106, 110, 115, 121, 122. The court issued orders recognizing that Plaintiff "regularly flouts rules and deadlines," reminding Plaintiff that she must comply with all deadlines and the Local Rules, warning that failure to comply with the rules may result in sanctions, and advising Plaintiff that if she wishes to obtain an extension of a particular deadline, she must submit a formal request in advance. *See* ECF Nos. 107, 112, 123.

On July 31, 2018, Defendants filed a Motion for Sanctions based on Plaintiff's failure to comply with the July 10, 2018 Order, ECF No. 113, which was granted in part and denied in part on August 28, 2018. ECF No. 124. The

August 28, 2018 Order directed Plaintiff to comply, by September 4, 2018, with the discovery previously ordered, imposed a sanction against Plaintiff of Defendants' fees and costs in an amount to be determined, and directed Defendants' counsel to submit a declaration of the fees and costs reasonably incurred in connection with the Motion for Sanctions. *Id.* at 6. The August 28, 2018 Order again warned Plaintiff that "her failure to timely comply with this order will result in the imposition of additional sanctions, which may include dismissal of this action," and "encourage[d] the parties to confer regarding the entry of a stipulated protective order" with respect to Plaintiff's medical records. *Id.* at 7. On September 14, 2018, the parties filed a Stipulated Protective Order. ECF No. 141.

Meanwhile, on August 29, 2018, Defendants' counsel filed his Declaration of fees and costs, ECF No. 126, and on September 20, 2018, the court ordered Plaintiff to pay by October 9, 2018, Defendants' reasonably incurred fees and costs of $787.50. ECF No. 146.

On October 11, 2018, the court stayed all proceedings until January 31, 2019, based on Plaintiff's documented "active treatment" for a serious health condition. ECF No. 157. On January 28, 2019, the court sua sponte extended the stay through February 28, 2019. ECF No. 166.

## B. Procedural Background

On March 30, 2019, Defendants filed the instant Motion for Plaintiff's failure to comply with the August 28, 2018 Order. ECF No. 182. A hearing was held on May 6, 2019, and Plaintiff appeared by telephone. ECF No. 193. Although Plaintiff had failed to file an opposition memorandum, during the hearing, Plaintiff stated that she did not get the Motion until that day and that she lacks the financial ability to pay the sanction. The court granted Plaintiff leave to file an opposition by May 20, 2019. *Id.* As of May 22, 2019, no opposition was filed.

## III. DISCUSSION

Defendants contend that terminating sanctions are warranted based on Plaintiff's "willful and repeated refusal to comply with Court directions and deadlines," specifically, Plaintiff's failure to pay the sanction of $787.50 and her repeated assertions to Defendants' counsel that she will not pay the sanction. Mot. at 2, ECF No. 182; Declaration of D. Kaena Horowitz ¶¶ 15-16, ECF No. 182-1. Defendants' counsel contends that the stay of proceedings from October 11, 2019 through February 28, 2019, "did not alter the deadline for payment," and states that Plaintiff has made "no attempts to contact [counsel] to settle such amounts." Horowitz Decl. ¶¶ 13-14. Counsel argues that "this Motion is not about the money; it is about the principle of the matter." *Id.* ¶ 18.

Defendants do not specify any legal authority for their Motion.[1]
"Pursuant to Federal Rule of Civil Procedure 41(b), [however], the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether dismissal is appropriate, the court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). The court addresses these factors in turn.

### A. Public Interest in Expeditious Resolution

Generally, the public's interest in expeditious resolution of cases favors dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, however, Defendants do not allege that Plaintiff's failure to pay a court-ordered sanction has caused any delay in resolving this action, nor does the case docket reflect delay

---

[1] Federal Rule of Civil Procedure 37 does not appear to apply because the Motion does not allege that any discovery ordered by the August 28 Order remains due.

beyond that caused by the court-imposed stay.  Thus, this factor weighs against dismissal.

**B.     The Court's Need to Manage its Docket**

This second factor—the court's need to manage its docket—also generally weighs in favor of dismissal.  *See Yourish*, 191 F.3d at 990 (finding the second factor favored dismissal where the plaintiffs' conduct allowed them, and not the court, to control the pace of the docket); *see also Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]") (citing *Ferdik*, 963 F.2d at 1261).  Plaintiff's failure to pay the court-ordered sanction has caused additional litigation unrelated to the merits of this case.  Thus, this factor favors dismissal.

**C.     The Risk of Prejudice to Defendants**

To prove the third factor, Defendants must establish that Plaintiff's failure to pay the court-ordered sanction has impaired their ability to proceed to trial or has threatened to interfere with the rightful decision of this case.  *See Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987).  Defendants do not contend that any discovery remains outstanding.  Nor do they contend that Plaintiff's failure to pay the sanction has impaired their ability to proceed to trial or will interfere with the rightful decision of this case.  Thus, this favor weighs against dismissal.

6

### D. Public Policy Favoring Disposition of Cases on Their Merits

The public policy "favoring resolution of cases on their merits 'is particularly important in civil rights cases.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)). Plaintiff asserts civil rights claims and therefore, this factor weighs strongly against dismissal.

### E. Availability of Less Drastic Alternatives

During the hearing, Plaintiff indicated a willingness to comply with court orders, but stated that she lacks the financial resources to pay the sanction. Although the court afforded her an opportunity to oppose the motion and provide some evidence of her inability to pay, Plaintiff failed to file such opposition. Given Plaintiff's representation during the hearing, however, the court finds that ordering additional monetary sanctions may well be futile. And despite her intent to comply with court deadlines and rules, she routinely disregards or fails to comply. Thus, the court questions the availability of less drastic alternatives. Nevertheless, because the parties were able to work out a stipulated protective order regarding a prior topic in dispute, the court finds that there is a less drastic alternative—ordering the parties to confer in an attempt to work out a payment schedule, and if not successful, returning for a court-imposed schedule. Thus, this factor weighs slightly against dismissal.

Balancing these five factors, the court finds that dismissal for Plaintiff's failure to pay a court-imposed monetary sanction is not warranted at this time. Although the court is sympathetic to Defendants' frustration with Plaintiff's repeated failure to comply with rules and deadlines, non-payment of a monetary fine does not outweigh the strong public policy favoring resolution of civil rights actions, such as this, on the merits. And Defendants do not suggest that Plaintiff's failure to pay the sanction impedes their ability to proceed toward a resolution on the merits. Should Plaintiff fail to comply with future court orders in a way that significantly alters the balance of the five factors discussed above, however, terminating sanctions could be imposed.

## IV. **CONCLUSION**

Based on the foregoing, Defendants' Motion for Terminating Sanctions is DENIED. The parties are ORDERED to confer in good faith by June 21, 2019, to attempt to work out a schedule for Plaintiff to pay the $787.50 sanction. Any agreed upon payment schedule must be reduced to writing, signed by Plaintiff and Defendants' counsel, and filed (by Defendants' counsel) with the court by June 28, 2019. If an agreement as to a payment schedule is not reached and Plaintiff claims that she is unable to pay all or any portion of the sanction, she must file documentation with the court in support of her claimed inability to pay by June 28, 2019. The parties shall attend a Status Conference on July 12, 2019, at

9:00 a.m., before Magistrate Judge Rom Trader to provide an update concerning this matter. Both parties may appear by telephone.

Plaintiff is again warned that the court may dismiss her action sua sponte should she fail to comply with this Order and/or the federal and local rules. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 28, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Springer v. Hunt, et al.*, Civ. No. 17-00269 JMS-RT, Order Denying Defendants Hunt, Wakita, Tingle, Tavares, and Ishii's Motion for Terminating Sanctions, ECF No. 182